United States District Court

Eastern District of California

Alfred Vincent Ambriz,

    Plaintiff,

vs.

Scott Kernan, Warden,

    Defendants.

Case No. 05-1298 DFL PAN P

Order

-oOo-

Plaintiff is a prisoner, without counsel, who challenges the conditions of his confinement on a form petition for a writ of habeas corpus. He seeks leave to commence a class action against prison officials for civil rights violations in forma pauperis pursuant to 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

1        Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the
2   $250 filing fee required by 28 U.S.C. § 1914(a). Plaintiff must
3   make an initial partial payment of $2.80.  Plaintiff must make
4   monthly payments of 20 percent of the preceding month's income
5   credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The
6   agency having custody of plaintiff shall forward payments from
7   plaintiff's account to the clerk of the court each time the
8   amount in the account exceeds $10 until the filing fee is paid.
9        Pro se prisoners have neither the authority to represent
10  anyone but themselves nor the competence to protect the interests
11  of other prisoners as required by Fed. R. Civ. P. 23.  See
12  Russell v. United States, 308 F.2d 98 (9th Cir. 1962); Oxendine
13  v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Since
14  plaintiff proceeds pro se, he cannot represent a class.  To
15  pursue claims on his own behalf, plaintiff must file an amended
16  complaint.
17       Plaintiff's amended complaint must adhere to the following
18  requirements:
19       A complaint must contain a caption including the name of the
20  court and the names of all parties.  Fed. R. Civ. P. 10(a).
21       More than one claim against a single defendant may be joined
22  in the same action.  Fed. R. Civ. P. 18(a).
23       Claims against different defendants may be joined in the
24  same action only if the claims arise from the same transactions
25  or occurrences.  Fed. R. Civ. P. 20(a).
26       Each claim founded upon a separate transaction or occurrence

1 must be set apart as a "separate count." Within each count, the
2 circumstances that give rise to the claim must be alleged in
3 separate, numbered paragraphs. Fed. R. Civ. P. 10(b).
4     These allegations must be short and plain, simple and
5 direct and describe the relief plaintiff seeks. Fed. R. Civ. P.
6 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002);
7 Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir.
8 2002).[1]
9     Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a).
10     The amended complaint must be complete in itself without
11 reference to plaintiff's original complaint. Local Rule 15-220.
12     Plaintiff is admonished that a prisoner pursuing civil
13 rights claims without counsel, like all other litigants, is
14 required to obey the court's orders, including an order to amend
15 his pleading. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992);
16 Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002). His failure

---

[1] Negligence is not actionable under 42 U.S.C. § 1983. However, to illustrate the simplicity and brevity of statement contemplated by the rules (see Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

> 1. Allegation of jurisdiction.
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
> 3. As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>     Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

3

1 to obey the court's orders and the local and federal rules and
2 meet his responsibilities in prosecuting this action may justify
3 dismissal, including dismissal with prejudice.  <u>Ferdik</u>, 963 F.2d
4 1258 (affirming dismissal with prejudice for pro se prisoner's
5 failure to comply with order requiring filing of amended civil
6 rights complaint); <u>Pagtalunan</u>, 291 F.3d 639 (affirming dismissal
7 with prejudice for pro se prisoner's failure to comply with order
8 requiring filing of amended habeas petition); <u>Moore v. United</u>
9 <u>States</u>, 193 F.R.D. 647 (N.D. Cal. 2000) (denying motion for leave
10 to file third amended complaint and dismissing action with
11 prejudice for pro se plaintiff's failure to comply with Rule 8);
12 <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1232-33 (9th Cir. 1984)
13 (affirming dismissal with prejudice for pro se prisoner's failure
14 to prosecute); <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988)
15 (affirming dismissal without prejudice for pro se prisoner's
16 failure to comply with local rule requiring he notify the court
17 of any change of address).
18     Accordingly, the court hereby orders that:
19     1.  Plaintiff's request to proceed in forma pauperis is
20 granted.  Plaintiff must pay the $250 filing fee. Plaintiff is
21 assessed an initial partial filing fee of $2.80.  The fee shall
22 be collected and paid in accordance with the notice to the
23 Director of the California Department of Corrections filed
24 concurrently herewith.
25     2.  Plaintiff's complaint is dismissed with leave to amend
26 within 60 days.  Plaintiff shall file an original and one copy

4

1 of his amended complaint, which must bear the docket number
2 assigned to this case and be titled "First Amended Complaint."
3 Failure to comply with this order may result in my recommending
4 the action be dismissed and, if warranted, that dismissal will be
5 with prejudice.  The Clerk of the Court shall send to plaintiff
6 the form civil rights complaint used in this court.
7     Dated:  July 12, 2005.

                                                  /s/ Peter A. Nowinski
                                                PETER A. NOWINSKI
                                                Magistrate Judge

5