IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED VINCENT AMBRIZ,

        Plaintiff,                      No. CIV S-05-1298 RRB EFB P

    vs.

SCOTT KERNAN, et al.,

        Defendants.              <u>ORDER</u>

                                   /

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. 42 U.S.C. § 1983. Currently pending before the court is plaintiff's August 22, 2007, motion to compel responses to requests for production of documents. *See* Fed. R. Civ. P. 37(a)(2)(B). For the reasons stated below, the motion must be denied.

**I.    Facts**

        This action proceeds on the January 5, 2006, second amended complaint in which plaintiff challenges the conditions of his confinement at California State Prison, Sacramento ("CSP Sac."). In particular, he claims that defendants Kernan, Hill, Holmes, Kennedy and Ibarra, (1) "acted in reckless disregard of, and with callous indifference to the plaintiff's equal protection from racial harassment by keeping him on (S.H.U.) Yard from 1999-2005 on 'C' Facility;" and (2) "carried out lawful activities with unnecessary harshness and abused their

1

1  official power and took unfair advantage by intentional racial segregation: in prison job's [sic],
2  recreational equipment on (G.P.) Yard, programs and discipline from 1999 - 2005 on 'C'
3  facility." Sec. Am. Comp., at 1-2.  Discerning the focus of these allegations presents a
4  challenge.  Counsel for defendants, understanding the complaint to challenge plaintiff's
5  placement in the Security Housing Unit ("SHU"), sought information about this placement.
6  Defs.' Opp'n, Ex. A, Alvis Dec., at ¶ 2.  Counsel found no such information, but did find
7  information about plaintiff serving a term in the Administrative Segregation Unit ("ASU").  *Id.*
8  Thus, counsel for defendants believed the complaint concerned confinement in ASU.  *Id.*
9  However, plaintiff has since changed the focus of his concern to an altogether different topic.

10  On May 8, 2007, plaintiff served on defendants a request for the production of documents
11  in which he made seven requests.  Pl.'s Mot. to Comp., Ex. 1.  The request sought information
12  about neither the SHU nor the ASU, but instead about a "modified program" for Northern
13  Hispanic prisoners at CSP Sac.  *Id.*, at 3.  Counsel contacted defendants to obtain any
14  information they might possess that would be responsive to plaintiff's requests, and learned that
15  they had none.  *Id.*  Counsel for defendants also contacted the Litigation Coordinator at CSP Sac
16  and requested documents about "modified programs" there between 1999 and 2005.  On June 7,
17  2007, counsel for defendants responded to the discovery request by raising objections, stating
18  that defendants did not have possession of any documents responsive to the request and
19  informing plaintiff that defendants still were searching for responsive documents.

20  On June 15, 2007, during plaintiff's deposition, plaintiff explained that his second
21  amended complaint was not about SHU or ASU placement.  Instead, it was about a program
22  meant to maintain separation between Northern and Southern Hispanics at CSP Sac.  Thereafter,
23  counsel for defendants contacted defendants and the CSP Sac Litigation Coordinator in an
24  attempt to locate documents responsive to plaintiff's request.  On August 28, 2007, counsel
25  obtained the documents, and on August 31, 2007, counsel for defendants served a supplemental
26  response on plaintiff.

## II.     Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Information sought need not be admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence. *Id.* Any party may request any other party to produce for inspection documents including writings, drawings, graphs, charts or data compilations. Fed. R. Civ. P. 34(a). The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that inspection will be permitted as requested, unless the party objects and states the basis therefor. Fed. R. Civ. P. 34(b). The responding party "shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). When the time to act is measured from the date of service of a paper by mail, the party obliged to act has three additional days after the time to act otherwise would expire. Fed. R. Civ. P. 6(e). A responding party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties. Fed. R. Civ. P. 26(e)(2).

A party may move for an order compelling discovery with respect to objections or other failure to respond to interrogatories or requests to produce documents. Fed. R. Civ. P. 37(a)(2)(B), 34(b).

## III.     Analysis

Plaintiff argues that defendants' initial response to the request for production of documents is late. Thus, he contends, defendants objections are waived. Under the applicable rules, service of defendants' responses was due within 33 days from May 8, 2007, the date plaintiff served his discovery requests by mail. Defendants served their initial responses on June 7, 2007, which falls within that 33-day limit. Defendants timely served their response.

////

Plaintiff's real argument is that he has since clarified the focus of his claim in a way that has now changed the nature of his discovery request. That defense counsel could not divine from a confusing pleading plaintiff's intended focus is hardly a basis for finding that defendants have waived any objections to the discovery request. The confusing nature and shifting focus of plaintiff's claims understandably led defense counsel, in his initial attempts to procure from defendants documents responsive to plaintiff's request, to focus on a topic that plaintiff has now apparently abandoned. As soon as defense counsel understood plaintiff's claim, as now characterized by plaintiff, counsel undertook to supplement the response. On August 30, 2007, counsel for defendants served a supplemental response, in which counsel made objections and attached documents responsive to Request Nos. 2, 3, 4 and 5. The supplemental response supersedes the initial response; therefore, there is no reason to further examine defendants' initial response.[1]

In order to ensure the parties properly can narrow the issues for trial, however, the court has reviewed defendants' objections in their supplemental response to plaintiff's request for the production of documents. Defendants make boiler-plate objections while simultaneously producing responsive documents. These objections are overruled. Defendants must certify that they have no additional non-privileged responsive documents.

Accordingly, it is ORDERED that:

1. Plaintiff's August 22, 2007, motion to compel the production of documents based on defendants' initial responses is denied;

2. Defendants objections contained in their supplemental response to plaintiff's request for the production of documents are overruled; and

---

[1] The court acknowledges that in order to move to respond to the objections and compel production, plaintiff would have been required to seek a modification of the schedule issued on May 1, 2007, pursuant to which discovery closed on August 24, 2007. Plaintiff neither moved to modify the schedule nor filed any document suggesting that he was dissatisfied with defendants' supplemental response.

3. Defendants have 15 days from the date of this order to certify that they have produced all non-privileged documents that are responsive to plaintiff's requests.

Dated: November 16, 2007.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE