IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED VINCENT AMBRIZ,

    Plaintiff,                      No. CIV S-05-1298 RRB EFB P

    vs.

SCOTT KERNAN, et al.,

    Defendants.            ORDER

_____/

    Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court is defendants' May 25, 2007, motion for leave to file an amended answer to assert a statute of limitations defense. For the reasons explained below, the motion is granted.

    This action proceeds on plaintiff's January 5, 2006, amended complaint in which plaintiff alleges that: (1) from 1999 though 2005, defendants Hill, Holmes and Kennedy violated plaintiff's right to practice his religion; (2) violated his right to equal treatment under the law by holding him in a security housing unit from 1999 to 2005; and (3) unlawfully discriminated against plaintiff with respect to access to jobs, recreational equipment, programs and discipline from 1999 through 2005. Defendants filed and served their answer on April 20, 2007, asserting as affirmative defenses that plaintiff failed to exhaust the available administrative remedies,

1

1 plaintiff failed to state any cognizable claim for relief, plaintiff's conduct contributed to his
2 damages, plaintiff failed to mitigate his damages and plaintiff is not entitled to punitive damages.
3 On May 25, 2007, they filed a motion to amend their answer and submitted a proposed amended
4 answer. *See* Defs.' Mot., Ex. B. The proposed amended answer is identical to the initial answer,
5 except that it includes an allegation that this action is barred by the applicable statute of
6 limitations. On June 11, 2007, plaintiff responded to defendants' motion.

7 Defendants assert that under Rule 15(a) of the Federal Rules of Civil Procedure, they
8 should be permitted to amend their answer. Plaintiff's response does not address this assertion.
9 Rather, he addresses whether he exhausted the available administrative remedies and whether he
10 is entitled to relief on the merits.

11 The standards for permitting a party to amend a pleading are familiar:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely granted when justice so requires.

16 Fed. R. Civ. P. 15(a). In determining whether it is in the interest of justice to permit an amended
17 pleading, the court must consider whether the moving party has acted in good faith or unduly has
18 delayed in seeking to amend, and whether there is any prejudice to the non-moving party.
19 *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Leave to
20 amend, however, will be denied if amendment would be futile. *Owens*, 244 F.3d at 712; *Miller*
21 *v. Rykoff-Sexton, Inc,*, 845 F.2d 209, 214 (9th Cir. 1988). Whether an amendment is futile
22 depends upon the possibility that the moving party could prevail on the asserted claim or, as
23 here, defense. *See Miller*, 845 F.2d at 214.

24 Here, defendants have acted timely and in good faith. Counsel asserts that he intended to
25 raise the defense of untimeliness in the answer, but neglected to include it. As soon as he
26 realized his omission, he filed the motion to amend and the proposed amended answer.

1  Defendants could have amended the answer without leave of court any time within 20 days of
2  the date the initial answer was served, i.e., April 20, 2007.  Thus, defendants were free to amend
3  their answer until May 13, 2007.  *See* Fed. R. Civ. P. 6(a).  They sought leave to amend on May
4  27, a mere 14 days beyond the time no permission was necessary to amend.  Furthermore, this
5  short delay and the new defense raised have not generated the need for additional discovery or
6  motions.  In fact, defendants moved for summary judgment within the time the court set in the
7  scheduling order, and plaintiff filed an opposition.

8       On these facts, the court finds that defendants did not act in bad faith or unduly delay
9  these proceedings.  Neither does the amendment prejudice plaintiff.  Finally, plaintiff alleges
10 conduct commencing in 1999, yet he filed his complaint in 2005.  Nowhere in his response to the
11 motion to amend does plaintiff argue that the defense of untimeliness has no chance of success.
12 Thus, while the court makes no findings on the matter of timeliness at this point in the
13 proceedings, it appears that the defense may have merit.  Accordingly, defendants' motion to file
14 an amended answer must be granted.

15      Accordingly, it is ORDERED that:

16      1.  Defendants' May 25, 2007, motion to file an amended answer is granted;

17      2.  The Clerk of the Court shall file the amended answer attached to defendants' motion
18 as Exhibit B, *nunc pro tunc* to May 25, 2007.

19 Dated:  March 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3